IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARMANDO CARDONA,<br>　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　　Respondent. | §<br>§<br>§<br>§　No. 3:19-cv-2022-B (BT)<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Armando Cardona, a federal prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. He seeks good-time credits under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The District Court referred the petition to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss the petition.

I.

Cardona pleaded guilty to conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C). *See United States v. Cardona*, 3:13-cr-276-B (N.D. Tex.). On December 17, 2014, the District Court sentenced him to 96 months' imprisonment.

In his petition, Cardona seeks to order the Bureau of Prisons (BOP) to grant him good-time credits under the First Step Act. He claims he is entitled to an additional seven days of time credits per year under the First Step Act, which would hasten his March 18, 2020 release date. On October 25, 2019, the government filed a response arguing the petition should be dismissed because Cardona failed to exhaust his administrative remedies and because the BOP has now recalculated Cardona's time credits under the First Step Act. Cardona did not file a reply. On January 22, 2020, the government filed a notice that Cardona had been released from custody.

## II.

A case becomes moot "if an event occurs during the pendency of the action that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (citing *Mills v. Green*, 159 U.S. 651, 653 (1895)); *United States v. Jackson*, 771 F.3d 900, 903 (5th Cir. 2014). Here, the government states it corrected Cardona's time credits, and he has now been released from custody. Cardona has not disputed the government's claim that his time credits have been corrected. The petition should therefore be dismissed as moot.

III.

For the foregoing reasons, the Court should dismiss the petition as moot.

Signed January 31, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).